IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PETER SIMANSKIS,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:19-cv-1830** |
| | § | |
| **CRYSTAL CLEAR MORTGAGE LLC,** | § | |
| **LAKEVIEW LOAN SERVICING, LLC,** | § | |
| **FLAGSTAR BANK FSB AND SRIDHAR** | § | |
| **R. PASHAM,** | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendants Lakeview Loan Servicing, LLC ("Lakeview") and Flagstar Bank, FSB ("Flagstar") (collectively, "Defendants") hereby give notice of the removal of the state court civil action described below. As grounds for the removal, Defendants respectfully state the following:

### I. INTRODUCTION

1. On May 8, 2019, Plaintiff Peter Simanskis ("Plaintiff") filed his Original Petition, Application for Injunctive Relief, and Request for Disclosures, numbered and styled as Cause No. 2019-32332, *Peter Simanskis v. C[r]ystal Clear Mortgage LLC, Lakeview Loan Servicing, LLC, Flagstar Bank FSB and Sridhar R. Pasham*, in the 133rd Judicial District Court of Harris County, Texas (the "Petition").

2. In the Petition, Plaintiff brings suit against Crystal Clear Mortgage LLC ("Crystal Clear"), Lakeview, Flagstar, and Sridhar R. Pasham, asserting claims related to a mortgage obtained by Plaintiff as part of his purchase of property located at 6019 Northcrest Village Way, Spring, Texas 77388 (the "Property"). Plaintiff asserts that the transfer of the loan prior to foreclosure was invalid, that the notice of default and foreclosure was improper, and that

Defendants lacked standing to foreclose. Plaintiff seeks declaratory relief and temporary and permanent injunctive relief.

3. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as composite **Exhibit A** and incorporated herein by reference.

## II. TIMELINESS OF NOTICE OF REMOVAL

4. Less than thirty days have passed since Plaintiff filed his Petition. Therefore, Defendants' Notice of Removal falls within the 30-day period required by statute and is timely. [1]

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. Complete diversity exists.

6. Complete diversity exists because Plaintiff and Lakeview and Flagstar are not citizens of the same state. Plaintiff has fraudulently joined Crystal Clear and Sridhar R. Pasham as defendants and their citizenship may be disregarded for purposes of the Court's diversity jurisdiction.

7. Plaintiff is a resident of Harris County, Texas and is considered a citizen of Texas.[2]

---

[1] 28 U.S.C. § 1446(b). *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").
[2] *See* Petition, ¶5.

8.      Flagstar is a federally chartered savings bank whose principal place of business is in the State of Michigan.[3] Flagstar is not incorporated in Texas, nor does it maintain a principal place of business in Texas. Therefore, Flagstar is a citizen of Michigan.[4]

9.      Defendant Lakeview is a limited liability company organized under the laws of the state of Florida. Lakeview Loan Servicing, LLC was formed under the laws of the State of Delaware on November 22, 2010. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of all of its members.[5] Lakeview's sole member is Bayview MSR Opportunity Corp., which is a Delaware corporation with its principal place of business in Florida. Accordingly, for purposes of diversity, Lakeview is a citizen of Delaware and Florida.

10.     Plaintiff is a citizen of Texas but Flagstar and Lakeview are not. Therefore, complete diversity among the parties exists.

**B.      Crystal Clear is improperly joined and therefore its citizenship may be disregarded.**

11.     The citizenship of Crystal Clear should be disregarded for the purposes of the diversity analysis because it is improperly joined and is only a nominal party. Upon information and belief, Crystal Clear is a citizen of Texas.

12.     Diversity jurisdiction cannot be destroyed when a plaintiff improperly joins a non-diverse defendant.[6] Improper joinder occurs when there is no reasonable possibility that the plaintiff can establish a cause of action against the non-diverse party in state court.[7] A

---

[3] *Wachovia Bank v. Schmidt,* 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348.
[4] *See* 28 U.S.C. § 1332(c).
[5] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[6] *McKee v. Kansas City Southern Rail Road Co.*, 358 F.3d 329, 333 (5th Cir. 2004).
[7] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). To avoid improper joinder, a plaintiff must be able to show that there is "a reasonable basis for predicting that the state law might impose liability on the facts involved . . . . This possibility, however, must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted).

determination of improper joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal.[8] A district court should ordinarily resolve claims of improper joinder by conducting a Rule 12(b)(6)-type analysis.[9]

13. In his petition, Plaintiff alleges that the Deed of Trust at issue in this case "was not properly assigned by Crystal Clear Mortgage, LLC."[10] This is the only instance in Plaintiff's Petition in which he alleges any act or conduct of Crystal Clear in particular. Plaintiff argues that Crystal Clear's assignment of the Deed of Trust is void because the defendants "cannot produce any evidence" that the promissory note signed by Plaintiff was transferred from Crystal Clear to Flagstar.[11]

14. Plaintiff's argument is premised on a fundamental misapprehension of Texas law: that the foreclosing party must hold the original note to foreclose. The Fifth Circuit, applying Texas law, has roundly rejected this so-called 'split-the-note' theory, holding "[t]he party to foreclose need not possess the note itself."[12]

15. Moreover, even if it was true that Crystal Clear did not properly assign the Deed of Trust, Plaintiff would lack standing to challenge the assignment because he is not a party to the assignment and his grounds for why the assignment is void are meritless. Borrowers have limited standing to challenge an assignment they are not a party to, but it is limited to "any ground which renders the assignment void."[13] Because Plaintiff's only ground for challenging

---

[8] *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).
[9] *See McDonal v. Abbott Labs.*, 408 F.3d 177, 183, n.6 (5th Cir. 2005).
[10] *See* Petition, ¶15.
[11] *Id.*, ¶17.
[12] *See Martins v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 255 (5th Cir. 2013). *See also Johnson v. Bank of America, N.A.*, No. H-13-2029, 2014 U.S.Dist. LEXIS 137976 *18 (S.D.Tex. Sept. 30, 2014); *Khan v. Wells Fargo Bank, N.A.*, No. H-12-1116, 2014 U.S.Dist. LEXIS 6559 *21-22 (S.D.Tex. Jan. 17, 2014) ("[T]he Property Code contemplates that someone other than the holder of the original note may lawfully foreclose on the security interest.").
[13] *See Reinagal v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013).

the assignment—that the foreclosing party must hold the note—is without merit, Plaintiff lacks standing to challenge the assignment.

16. Plaintiff's Petition only alleges two independent causes of action—quiet title and a fraudulent lien claim under Section 12.002 of the Tex. Civ. Prac. & Rem. Code—both of which are premised on Plaintiff's misstatement of Texas law. Plaintiff's request for declaratory relief is pendant to his other claims. Because his other claims fail, so does his request for declaratory relief.[14]

17. Because Plaintiff's claims against Crystal Clear fail on the face of the pleadings, it is indisputable that Crystal Clear was improperly joined for the sole purpose of defeating diversity. Because there is no reasonable possibility that Plaintiff can establish any of his causes of action against Crystal Clear, Crystal Clear is improperly joined to this proceeding.

### C. Sridhar R. Pasham is improperly joined and therefore his citizenship may be disregarded.

18. Sridhar R. Pasham ("Pasham") is named as a defendant in Plaintiff's Petition, but Plaintiff does not describe a single act allegedly taken by Pasham. The citizenship of Pasham should be disregarded for the purposes of the diversity analysis because he is improperly joined and only a nominal party. Where a plaintiff's petition recites generic, conclusory allegations without the bare minimum of material fact to support a claim, "that Plaintiff has failed to demonstrate any possibility of recovery against" the improperly joined defendant.[15]

19. Because Plaintiff is a citizen of Texas, defendants Lakeview and Flagstar are not citizens of Texas, and the citizenship of Crystal Clear and Pasham are disregarded since they are

---

[14] *See Henning v. OneWest*, 405 S.W.3d at 970 (citing TEX. CIV. PRAC. & REM. CODE § 37.002(b); *Bright v. Addison*, 171 S.W.3d 588, 606 (Tex.App.—Dallas 2005, pet. denied)).
[15] *See San Juanita Rodriguez v. Metro Lloyds Inc. Co.*, No. 5:15-CV-143-C, 2015 U.S.Dist. LEXIS 184135, 2015 WL 12699855 at *8-9 (N.D.Tex. Jul. 27, 2015) (finding defendant improperly joined where plaintiff failed to allege a single material fact against defendant).

improperly joined and are nominal parties, complete diversity exists among all properly named parties.

### C.    The amount in controversy exceeds $75,000.00.

20.    In his Petition, Plaintiff seeks temporary and permanent injunctive relief to rescind a foreclosure sale of the subject property.[16] When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[17]

21.    When the object of the mortgagor's litigation is the protection of his entire property, the fair market value of the property is the proper measure of the amount in controversy.[18] In this instance, the value of the subject property, 6019 Northcrest Village Way, Spring, Texas 77388, amounts to at least $219,513.[19] Therefore, based on the value of the relief sought by Plaintiff in the Petition the amount in controversy exceeds $75,000.00.

## IV.  VENUE

22.    Venue for this Removal is proper in the United States District Court for the Southern District of Texas, Houston Division, because this district and division includes Harris County, Texas—the location of the pending state court action.[20]

## V.  ADDITIONAL REQUIREMENTS

23.    Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Harris County, Texas.

---

[16] *See* Petition, ¶¶20, 31, and Prayer for Relief, ¶H.
[17] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[18] *Id.*
[19] *See* Harris County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Harris County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source—the Harris County Tax Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).
[20] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(b)(2) (stating that the Houston Division of the Southern District includes Harris County).

24. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

25. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

26. Plaintiff did not demand a jury trial in the Petition.

WHEREFORE, having satisfied the requirements for removal, Defendants Lakeview Loan Servicing, LLC and Flagstar Bank FSB give notice that Cause No. 2019-32332 originally filed in the 133rd Judicial District Court of Harris County, Texas, has been removed to this Court.

Respectfully submitted,

By: /s/ Matthew A. Knox
**MATT D. MANNING**
State Bar No. 24070210
**MATTHEW A. KNOX**
State Bar No. 24071102
**MCGLINCHEY STAFFORD**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone : (713) 520-1900
Facsimile: (713) 520-1025
mmanning@mcglinchey.com
mknox@mcglinchey.com

*Attorneys for Defendants Lakeview Loan Servicing, LLC and Flagstar Bank, FSB*

## CERTIFICATE AND NOTICE OF FILING

I certify that on May 21, 2019, this Notice of Removal was sent to the District Clerk of Harris County, Texas, and that written notice of filing of the Notice of Removal was served via eFile.TXCourts.Gov upon counsel for Plaintiffs.

/s/ Matthew A. Knox
**MATTHEW A. KNOX**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2019, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system or by other means in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

*<u>CMRRR 9414 7266 9904 2120 8207 47</u>*
Rhonda S. Ross
Law Office of Rhonda Shedrick Ross
121 East 12th, Suite 6
Houston, Texas 77008
***Counsel for Plaintiff***

*/s/ Matthew A. Knox*
**MATTHEW A. KNOX**